RECEIVED
IN ALEXANDRIA, LA
APR 21 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| EBONI N. TRUSTY | CIVIL ACTION NO. 05-2056 |
| VS. | SECTION P |
| JOHNNIE JONES, WARDEN | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed by *pro se* petitioner Eboni N. Trusty on December 1, 2005. Trusty is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. She is incarcerated at the Louisiana Correctional Institute for Women, St. Gabriel, Louisiana where she is serving a forty year sentence imposed following her 1997 conviction for manslaughter in the Twelfth Judicial District Court, Avoyelles Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time barred by the provisions of 28 U.S.C. §2244(d)(1).

### STATEMENT OF THE CASE

Petitioner was charged with first degree murder. On

September 13, 1997 she pled guilty to manslaughter and was sentenced to serve forty years at hard labor. Her motion and supplemental motion to reconsider sentence were denied on January 8, 1998. [*id.*, p. 2, paragraphs 10-11(a)] She did not appeal her judgments of conviction or sentence. [doc. 1-1, p. 1, paragraphs 8-9] Nor did she file any post-conviction or other collateral attacks on her conviction. [*id.*, pp. 2-3, paragraphs 11(b)-(e)]

She signed her federal *habeas corpus* petition on November 15, 2005, and argued four grounds for relief: (1) involuntary guilty plea; (2) ineffective assistance of counsel; (3) violation of her rights to due process; and, (4) coerced confession. [*id.*, pp. 4-5, paragraph 12] She admitted that none of these claims were presented to any other court. [*id.*, p. 5, paragraph 13]

**LAW AND ANALYSIS**

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. Villegas v. Johnson, 184 F.3d 467, 468 (5th Cir. 8/9/1999); Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year statute of limitations for the filing of applications for writs of *habeas corpus* by persons in custody pursuant to the judgment of a state court. This limitation period

generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[1]

The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. Villegas, 184 F.3d 467, citing Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

The AEDPA, and the timeliness provision codified at §2241(d), took effect on April 24, 1996. Petitioner's judgment of conviction and sentence became final under Louisiana law sometime in early 1998 when the delays for filing an appeal elapsed and

---

[1] Petitioner does not suggest, nor do her pleadings imply, that the period of limitation should be reckoned from the events described in subsections (B), (C), or (D) of §2244(d)(1). She does not claim the existence of any state created impediments which inhibited her from filing her federal petition. She does not suggest that her present claims are based upon a constitutional right newly recognized by the United States Supreme Court. Nor does she claim that the factual predicate of her claims was only recently discovered.

she did not perfect her appeal.[2] For AEDPA purposes, her judgment of conviction and sentence became final in late January/early February 1998. Since petitioner's judgment of conviction became final after the effective date of the AEDPA, she had one year, or until sometime in late January/February 1999 to file her federal *habeas corpus* petition. Petitioner cannot rely upon the statutory tolling provisions of §2244(d)(2) because by her own admission she did not file any post-conviction or other collateral attacks in the Louisiana courts.

Of course, the one-year limitation period is subject to equitable tolling in "rare and exceptional cases." <u>Davis v. Johnson</u>, 158 F.3d 806, 811 (5th Cir.1998); see also <u>Fisher v. Johnson</u>, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting <u>Davis</u>, 158 F.3d at 811)). A district court must be cautious not to apply the statute of limitations too harshly because dismissal of a first *habeas corpus* petition is a serious matter. See <u>Fisher</u>, 174 F.3d at 713. The Fifth Circuit has provided insight into the types of circumstances that may be seen as rare and exceptional. In

---

[2] At the time of her conviction, petitioner had a period of five days from the date that her motion to reconsider sentence was denied within which to file her motion for an appeal. See LSA C.Cr.P. art. 914(B)(2). That period was extended to thirty days by Acts 2003, No. 949 §1. Even if petitioner is given the benefit of the amendment, her federal petition is time-barred.

Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999), for example, the Court stated that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" Coleman, 184 F.3d at 402 (quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir.1996)).

Petitioner implies that she may be entitled to equitable tolling because she was a minor when she was convicted; and, she was diagnosed with "Dissociative Disorder Disease." [doc. 1-1, p. 2, paragraph 11] These allegations do not entitle her to equitable tolling.

Even though petitioner was a minor at the time of her conviction, she does not explain why she waited eight years before filing her federal *habeas corpus* petition. Although the Fifth Circuit has recognized the possibility that mental incompetency might support equitable tolling, Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir.1999), petitioner has not specified the nature of her illness, the degree of incapacity, or the length of time she suffered from the condition. In short, petitioner has not shown that she lacked the mental capacity to pursue her legal rights during the relevant time period.

Finally, the Fifth Circuit has held that the lack of legal training does not warrant equitable tolling. See Felder v.

Johnson, 204 F.3d 168, 172-73 (5th Cir.), *cert. denied*, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000), (finding ignorance of law and *pro se* status insufficient to toll limitations period); Scott v. Johnson, 227 F.3d 260, 263 n. 3 (5th Cir. 2000) (finding inadequate law library does not constitute "rare and exceptional" circumstances warranting equitable tolling).

In any event, even if petitioner were afforded the benefit of equitable tolling, her federal petition would still be subject to dismissal since by her own admission she has not litigated her federal claims in the Louisiana courts and therefore, these claims are not exhausted. See 28 U.S.C. §2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response

to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED, in Chambers at Alexandria, Louisiana, this 19th day of April, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE